IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) NO. 3:19-cr-00014 |
| v. | ) JUDGE RICHARDSON |
| | ) |
| CHRISTOPHER NUNLEY | ) |

## **MEMORANDUM OPINION & ORDER**

Pending before the Court is Defendant's Renewed Motion to Sever Counts (the "Motion"). (Doc. No. 83). Via the Motion, Defendant requests the Court to sever Counts Five and Six of the Indictment from Counts One through Four pursuant to Rule 8(a) and Rule 14 of the Federal Rules of Criminal Procedure. The Government opposes the Motion. (Doc. No. 84). For the following reasons, the Motion is **DENIED**.

## **THE INDICTMENT**

In the Second Superseding Indictment, the Government charged Defendant with six separate counts. (Doc. No. 74). Counts One through Four charge Defendant with four offenses: conspiracy to commit Hobbs Act robbery, attempt to commit Hobbs Act robbery, discharge of a firearm during an attempted robbery, and possession of ammunition subsequent to a felony conviction. (*Id*.). Counts One through Four are based on events that allegedly occurred on January 7, 2018, when Defendant allegedly shot "AR" during an attempted robbery that occurred in Nashville, Tennessee. (*Id*.). [1]

Counts Five through Six charge Defendant with possession of ammunition (subsequent to a felony conviction) allegedly found at the scene of two shootings that allegedly occurred in the

---

[1] Counts One, Two and Three all refer to the plan and/or attempt to rob AR on January 7, Count Three also refers to the shooting of AR on January 7, and Count Four refers to that shooting insofar as it refers to the firing of .40 caliber pistol that Count Four implies occurred on January 7.

vicinity of the Charter Village Apartments in Nashville, Tennessee, on November 10, 2017 and November 13, 2017, respectively. (Doc. No. 74 at 3-4). Count Five alleges that .40 caliber and 9mm ammunition was recovered after the November 10, 2017 shooting and that the .40 caliber ammunition was fired from the same .40 caliber pistol allegedly used by Defendant during the shooting and attempted robbery of AR on January 7, 2018. (*Id.*). Count Six alleges that 9mm ammunition was recovered after the November 13, 2017 shooting, that was allegedly fired from the same 9mm pistol used by Defendant during the November 10, 2017 shooting at the Charter Village Apartments. (*Id.*).

Thus, the Second Superseding Indictment refers to a total of three shootings (on January 7, 2018 and November 10 and 13, 2017), which allegedly occurred on different dates but were allegedly connected in that one of the two firearms used in the January 7, 2018 shooting was used in the alleged November 10, 2017 shooting while the other firearm was used in the alleged November 13, 2017 shooting

**LAW & ANALYSIS**

1. *Rule 8(a)*

Federal Rules of Criminal Procedure 8(a) provides, "[t]he indictment or information may charge a defendant in separate counts with [two] or more offenses if the offenses charged . . . are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a). "Rule 8 requires a trial court to examine the allegations of the indictment in order to determine whether the joining of the offenses . . . has been proper." *United States v. Frost*, 125 F.3d 346, 389 (6th Cir. 1997). If an indictment fails to satisfy Rule 8(a)'s joinder requirements, severance is required. *United States v. Chavis*, 296 F.3d 450, 456 (6th Cir. 2002). But the Sixth Circuit has held that Rule 8(a) "should

be construed in favor of joinder." *United States v. Deitz*, 577 F.3d 672, 691–92 (6th Cir. 2009). In examining the allegations of the indictment, the district court may broadly construe Rule 8(a) to "'promote the goals of trial convenience and judicial efficiency.'" *United States v. Graham*, 275 F.3d 490, 512 (6th Cir. 2001) (quoting *United States v. Wirsing*, 719 F.2d 859, 863 (6th Cir. 1983)). Such a broad construction of Rule 8(a) implies that "[s]imilar does not mean identical." *United States v. Boulanger*, 444 F.3d 76, 87 (1st Cir. 2006). The Sixth Circuit has instructed that when a trial court is determining whether counts in an indictment are misjoined pursuant to Rule 8(a), it is to look only at the face of the indictment. *See United States v. Thompson*, 690 F. App'x 302, 310 (6th Cir. 2017) ("To determine whether joinder was proper, we should look only at the allegations on the face of the indictment." (citing *United States v. Locklear*, 631 F.3d 364, 369 (6th Cir. 2011)).

Defendant argues that the Court should sever Counts Five and Six from Counts One through Four because Counts Five and Six are misjoined under Rule 8(a) "in that they are not of the same or similar character, nor are they based on the same act or transaction, nor are they connected with or part of a common scheme or plan when compared with Counts 1-4." (Doc. No. 69 at 1). Further, he asserts that "there is no evidence that [the] incidents are logically connected in any way other than the defendant is implicated in both and that at least one firearm was discharged in each alleged incident." (*Id*. at 2).

In response, the Government contends that the Second Superseding Indictment specifies "a link between the three incidents [that are the basis of the three felon in possession charges] since the indictment charges that the defendant and another person used the same .40 caliber pistol in both the November 10, 2017, and January 7, 2018, incidents, and that he and another person used the same 9mm pistol in both the November 10th and November 13th incidents." (Doc. No. 84 at 6).

3

The Court agrees with the Government that the Second Superseding Indictment establishes a link between Counts One through Four and Counts Five and Six, such that these counts are not misjoined under Rule 8(a). All three shootings at issue are alleged to be connected in that one of two handguns were apparently used at each of the shooting incidents. This is sufficient to establish that Counts Five and Six are of the same or similar character as Counts One through Four and/or appear to be connected by a common scheme or plan. *See United States v. Johnson*, No. 2:18-20027-JTF, 2019 WL 4806345, at *2 (W.D. Tenn. Oct. 1, 2019) (considering separate events of a carjacking and attempted robbery to be sufficiently similar in character under Federal Rule of Criminal Procedure 8(a) because "[a]ll . . . three offenses involve Defendant's use of the Ruger 9mm semiautomatic handgun, as alleged in Counts 3, 6 and 9."); *United States v. Marks*, No. 115CR00454TWTJSA, 2016 WL 7366108, at *4 (N.D. Ga. Aug. 24, 2016) (explaining that joinder was proper under Rule 8(a), because "[t]he Defendant's possession of the same firearm is the subject of both counts, and therefore clearly are 'connected together'"); *United States v. Brooks*, No. CRIM.07-705, 2009 WL 116967, at *2 (E.D. Pa. Jan. 15, 2009) (holding that joined of two 18 U.S.C. § 922(g)(1) charges was proper even though the two events were separated by seven months because "the same handgun was implicated[.]").

Additionally, although the shootings alleged in Counts Five and Six occurred almost nine weeks prior to the shooting that is the basis of Counts One through Four, the Sixth Circuit place "little emphasis on temporal connection" when evaluating whether counts are misjoined pursuant to Rule 8(a). *United States v. Nolan*, 162 F. App'x 575, 578 (6th Cir. 2006). Therefore, although the events alleged in Counts Five and Six were separated somewhat in time, the alleged facts, as contained in the Second Superseding Indictment, satisfactorily share enough connection to invoke the presumption of joinder to promote the goals of trial convivence and judicial economy. The

Court will not sever the Counts pursuant to Rule 8(a).

2. *Rule 14*

Rule 14 grants a court discretion to order a separate trial of counts if it appears that the defendant is prejudiced by their joinder. *See* Fed. R. Crim. P. 14(a). "A defendant bears a heavy burden of showing that joinder would be unfairly prejudicial, . . . because considerations of judicial economy cause courts to strongly favor trying together all charges that arise from a given set of facts. *United States v. Henderson*, 485 F. Supp. 2d 831, 873 (S.D. Ohio 2007) (citation omitted). Moreover, a jury is presumed competent of considering each count separately, *United States v. Rugiero*, 20 F.3d 1387, 1391 (6th Cir. 1994), and any prejudice may be cured by limiting instructions, *United States v. Jacobs*, 244 F.3d 503, 507 (6th Cir. 2001). The defendant bears the burden of proving that the potential for prejudice outweighs the interests of judicial efficiency. *United States v. Hatcher*, 680 F.2d 438, 440-442 (6th Cir. 1982). A "strong policy presumption" exists in favor of joinder where the counts charged involve either similar evidence or actions. *See United States v. Critton*, 43 F.3d 1089, 1098 (6th Cir.1995).

"Rule 14 expressly provides for the consideration of evidence beyond the mere face of the indictment in stating that '[b]efore ruling on a defendant's motion to sever, the court may order an attorney for the government to deliver to the court for in camera inspection any defendant's statement that the government intends to use as evidence.'" *United States v. Champ*, No. 3:16-CR-41, 2016 WL 4154710, at *2 (E.D. Tenn. Aug. 4, 2016) (citing Fed. R. Crim. P. 14).

Defendant argues that even if Counts Five and Six are properly joined under Rule 8(a), "they should be severed under [Rule] 14(a) because of the serious risk of undue prejudice created by allowing admission of evidence of the incident on November 13th, 2017 which is presumably the basis of Counts [Five and Six]." (Doc. No. 83 at 1). He contends that he would suffer prejudice

because of "the possibility" that he may offer different defenses to the alleged events that occurred in 2017 and the alleged event that occurred in 2018. (*Id.*). He avers that "[i]t is entirely possible that the defendant would contest identity as the perpetrator in Counts 1-4 while having to acknowledge presence at the incident charged in Counts 5,6 in order to contest the facts of that incident, depending on how the Government presents its proof." (*Id.*)

In response, the Government argues that the Defendant has not met his burden of showing that the potential for prejudice due to the joinder of the counts of the Second Superseding Indictment outweighs the judicial interest of efficiency. The Government cites to *United States v. Bowker*, 373 F.3d 365 (6th Cir. 2004), which the Court finds instructive here. In *Bower*, the defendant contended that severance was necessary in order for him to testify as to one count that had a specific intent element without testifying as to the other counts. *Id.* at 384-85. The court noted that the defendant provided "absolutely no indication as to what his testimony would be" on the count that he claimed he would testify about, and that "such non-specific assertions of prejudice are insufficient to warrant severance under Rule 14." *Id.* at 385 (citing multiple other cases to the same effect).

Likewise, here, Defendant has provided only "non-specific assertions of prejudice," which, as just noted, fails to satisfy Defendant's heavy burden of demonstrating substantial prejudice. *Id.* Additionally, any potential prejudice concerns arising from a trial on all counts can be alleviated with a limiting instruction. *See Jacobs*, 244 F.3d at 507 ("Because the facts of all the charges were intertwined and because the district court gave specific instructions to minimize the prejudice to the defendant, we hold that the district court did not abuse its discretion in denying the motion to sever the charges."). The Court notes that it has a continuing duty to grant severance if substantial prejudice would otherwise result. *Schaffer v. United States*, 362 U.S. 511, 516 (1960). Should the

6

Court determine Defendant will be substantially prejudiced by the Government's continued prosecution of all counts in one action, the Court will act accordingly. But for now, Defendant has not met his heavy burden of demonstrating substantial prejudice.

Moreover, as the Government aptly points out, even if the Court were to sever Counts Five and Six from Counts One through Four, the proof of all three alleged shootings would be relevant in both trials, because "that proof helps corroborate the identity of the defendant as a participant in each incident, proves his access to the firearm which discharged the charged ammunition, and helps establish that he acted in concert with [his co-Defendant] such that *Pinkerton* liability applies regardless of which one of these conspirators discharged the .40 caliber pistol and which one discharged the 9mm pistol in the two November 2017, incidents." (Doc. No. 84 at 7). Therefore, the Court does not see how severing the counts would alleviate any supposed prejudice, and the Court will not sever the counts pursuant to Rule 14.

## CONCLUSION

For the above stated reasons, Defendant's Renewed Motion to Sever (Doc. No. 83) is **DENIED**.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE